

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 6, 1960

Honorable J. T. Ellis, Jr.
Administrator
State Department of Health
Austin 1, Texas

Opinion No. WW-770

Re: Whether the appropriations
made in Senate Bill 121,
Acts 56th Legislature, Regu-
lar Session, 1959, Chapter
223, page 505, Texas Hospi-
tal Licensing Law, is of such
a nature as to require certi-
fication by the Comptroller
Dear Mr. Ellis:              of Public Accounts.

You have requested an opinion from this office
to determine whether the appropriation made in Senate
Bill 121, Acts 56th Legislature, Regular Session,
1959, Chapter 223, page 505, Texas Hospital Licens-
ing Law, is of such a nature as to require certifica-
tion by the Comptroller of Public Accounts as provided
in Section 49a of Article III of the Texas Constitu-
tion.

The provision in question is Section 7 of Senate
Bill 121, Acts 56th Legislature, Regular Session, 1959,
Chapter 223, page 505, which reads in part as follows:

". . .

"All license fees collected shall be
deposited with the State Treasury to the
credit of the Licensing Agency and said
license fees are hereby appropriated to
said agency for its use in the administra-
tion and enforcement of this Act.

". . ."

The validity of this appropriation has been questioned on the basis of Section 49a of Article III of the Constitution of Texas, which reads in part as follows:

> ". . . From and after January 1, 1945, save in the case of emergency and imperative public necessity and with a four-fifths vote of the total membership of each house, no appropriation in excess of the cash and anticipated revenue of the funds from which such appropriation is to be made shall be valid. From and after January 1, 1945, no bill containing an appropriation shall be considered as passed or be sent to the Governor for consideration until and unless the Comptroller of Public Accounts endorses his certificate thereon, showing that the amount appropriated is within the amount estimated to be available in the affected funds. . . ."

In Attorney General's Opinion O-6626 (1945), where the Legislature made a similar provision in appropriating funds, it was held as follows:

> "'You will note from the text of House Bill No. 56 that no stated amount is mentioned in the bill and therefore the appropriation could not be in excess of the cash and anticipated revenues of the funds from which such appropriation is to be made. The bill only appropriates the moneys to be deposited in the affected fund for a given period. The fund is created by existing law and the allocation of revenues directed to be placed in said fund has already been made by existing laws. House Bill No. 56 only makes the appropriation of the fund to the purpose for which it was created and only in the amount which may be deposited in the fund.'

> ". . .

"It is, therefore, our opinion that H.B. 56 did not require the certificate inquired about."

This opinion has been cited and followed by other Attorney Generals' opinions in similar situations in not requiring such appropriations to be certified. Attorney General's Opinions WW-416 (1958) and S-64 (1953).

It is clear that the Legislature has not appropriated money in Senate Bill 121 except to the extent that funds are available from the payment of license fees, just as it did not anticipate any definite amount of revenues in the situations discussed in Attorney Generals' Opinions WW-416 (1958), S-64 (1953) and O-6626 (1945).

The only difference in the appropriation under the Hospital Licensing Law and the situations discussed in the cited Attorney Generals' opinions is that the statute in question does not specifically provide for a special fund that the licensing fees are to be deposited in. Senate Bill 121 does, however, provide that the fees will be deposited with the Treasury to the credit of the licensing agency, which means that these funds cannot be spent for any purposes other than the purposes that the licensing agency may direct in the administration and enforcement of the Hospital Licensing Law.

It is our opinion that this appropriation does not need to be certified by the Comptroller since the funds appropriated cannot exceed the available revenue according to the terms of the statute and the funds are to be deposited with the State Treasury to the credit of the licensing agency.

### SUMMARY

Section 7 of Senate Bill 121, Acts 56th Legislature, Regular Session, 1959, Chapter 223, page 505, Texas Hospital Licensing Law,

is constitutional and does not need
to be certified by the Comptroller in
order to make the appropriation con-
tained in it valid since the funds ap-
propriated cannot exceed the available
revenue according to the terms of the
statute and the funds are to be deposit-
ed with the State Treasury to the credit
of the licensing agency.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John C. Steinberger*
John C. Steinberger
Assistant

JCS:mfh:ms

APPROVED:

OPINION COMMITTEE
W. V Geppert, Chairman

John Reeves
F. C. Jack Goodman
J. C Davis, Jr.
Virgil Pulliam

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore